UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNIVERSAL GREEN SOLUTIONS, LLC, a California Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>VII PAC SHORES INVESTORS, LLC, a Delaware Limited Liability Company; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. C-12-05613-RMW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Re Docket No. 6] |

Defendant VII Pac Shores Investors, LLC ("Pac Shores") moves to dismiss plaintiff Universal Green Solutions, LLC's ("UGS") complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3), arguing that: (1) UGS has failed to sufficiently allege diversity jurisdiction; and (2) that the venue and jurisdiction clause in the parties' business contract contains mandatory language that requires the venue to be the Superior Court of Santa Clara County. This court disagrees, and for the reasons set forth below, DENIES Pac Shores' motion to dismiss.

## I. BACKGROUND

In 2010, Pac Shores and UGS entered into an agreement under which UGS was to retrofit a Pac Shores property with fluorescent instead of LED light bulbs. Compl. ¶ 6, Dkt. No. 1. The parties agreed in the contract to a venue and jurisdiction clause ("the Clause") which states: "Jurisdiction: Venue and jurisdiction for any disputes concerning this Agreement shall be Santa Clara County, California." Decl. of Andrew Wong, Ex. A, Dkt. No 6. When Pac Shores chose not to complete the retrofit, UGS sued for breach of contract in this court, alleging diversity jurisdiction. *See* Compl. The two issues before the court on this motion are: (1) whether diversity jurisdiction is sufficiently pled; and (2) if so, whether the Clause permits the case to be litigated in federal court.

## II. ANALYSIS

### A. Diversity jurisdiction

Federal jurisdiction predicated on diversity requires that all parties be "citizens of different states." 28 U.S.C. § 1332(a). Federal Rule of Civil Procedure ("Rule") 12(b)(1) allows a party to file a motion to dismiss based on lack of subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, "[w]hether subject matter jurisdiction exists . . . does not depend on resolution of a factual dispute, but rather on the allegations in [the] complaint." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). When evaluating a Rule 12(b)(1) motion, the court must also take all allegations in the complaint as true and draw all reasonable inferences in the non-moving party's favor. *Id.*

ORDER RE: DEFENDANT'S MOTION TO DISMISS
CASE NO. C-12-05613
TDH/ALG
- 2 -

It is not disputed that an LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Here, UGS pled the following:

> Defendant VII PAC SHORES INVESTORS, LLC ("PAC SHORES") was at all times relevant to this Complaint a Delaware limited liability company that owned most of a multi-building commercial real property located in Redwood City and commonly known as "Pacific Shores Center"

Compl. ¶ 2.

> Subject matter jurisdiction of this Court is based upon . . . 28 USC § 1332(a) due to diversity of plaintiffs (California residents) and defendants (a Delaware limited liability company) and the fact that plaintiff's claim for relief exceeds $75,000.

Compl. ¶ 4. The issue is whether the pleading sufficiently alleges that Pac Shores is not a citizen of California.

### 1.     Parties' Arguments

Pac Shores makes a facial claim against UGS's Complaint by arguing that UGS "has not properly alleged facts that support its claims of diversity jurisdiction." Def.'s Br. 4, Dkt. No. 6; *see Wolfe*, 392 F.3d at 362 (explaining that an attack is facial where "defendants argue that the allegations in [the] complaint are insufficient on their face to establish subject matter jurisdiction"). Pac Shores argues that UGS's allegations are "inadequate because they say nothing about the citizenship of the parties' members/owners." Def.'s Br. 4. Pac Shores contends that, "because an LLC is a citizen of every state of which its owners/members are citizens," *Johnson*, 437 F.3d at 899, these allegations are deficient without further alleging that no members or owners of Pac Shores are California citizens.

In its opposition, UGS argues that defendant Pac Shores has only one member (VII Pac Shores, LLC) and that it sufficiently alleged citizenship with respect to that member. But, UGS's opposition papers also bolster the diversity allegations in the complaint with additional evidence demonstrating that no member of Pac Shores' organizational structure is a California citizen. *See*

Opp'n 5-6, Dkt. No. 8; Dkt. Nos. 8-2 and Ex. A, 9 and Ex. A (Declarations of UGS members James Helton and Bert Peinbauer, both attaching as Exhibit A Pac Shores' organizational chart). In the event that Pac Shores were to come forward with evidence that it, in fact, has a member domiciled in California (which it has not), UGS requests that this court retain jurisdiction to permit UGS to conduct limited jurisdictional discovery.

**2. Discussion**

The Complaint alleges that Pac Shores is a Delaware LLC and that UGS is a California LLC with two members who are California residents. *See* Compl. ¶¶ 1-3. UGS does not directly respond to Pac Shores' argument that the Complaint is insufficient on its face, except by stating that defendant Pac Shores has only one member, which is a Delaware LLC. UGS seems to be arguing that it is not required to plead anything more. But UGS's opposition papers additionally allege (supported by declarations and an organizational chart for Pac Shores) that Pac Shores and at least five other business entities above Pac Shores are not California citizens. *See* Opp'n 5-6; Helton Decl. and Ex. A; Peinbauer Decl. and Ex. A. Pac Shores does not come forward with any evidence or argument that any defendant member *is* in fact a citizen of California. Because this is a facial attack on the Complaint, the court does not consider UGS's additional evidence, but rather looks only to the sufficiently of the Complaint on its face. *See Wolfe*, 392 F.3d at 362.

Despite the lack of detail in the Complaint as to Pac Shores' members'/owners' citizenship, the court concludes that UGS's allegations are sufficient to survive a facial attack for lack of subject matter jurisdiction. Taking UGS's allegations as true that Pac Shores is a Delaware LLC and UGS is a California LLC with two members domiciled in California, it is reasonable to infer, absent any *factual* attack, that no member/owner of Pac Shores is a citizen of California, and diversity exists. Pac Shores' argument that UGS has a burden to definitively prove citizenship, Reply 2, Dkt. No. 10, is unpersuasive because UGS is unable to allege more with respect to

*defendant's* members'/owners' citizenship without conducting discovery in this court.[1] Although the Complaint could certainly have more artfully alleged the citizenship of the LLC parties, the court must draw all reasonable inferences in favor of UGS. In this circumstance, where the Complaint generally alleges diversity among the LLC parties, and where Pac Shores has not made any *factual* contest to the allegations, the court concludes that the Complaint survives Pac Shores' Rule 12(b)(1) motion to dismiss.

### B. The Forum Selection Clause

Pac Shores additionally moves to dismiss under Rule 12(b)(3), which allows a party to assert a defense by motion for "improper venue." The Ninth Circuit has held that "[f]orum selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is 'unreasonable' under the circumstances." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).). "Because enforcement of a forum clause necessarily entails interpretation of the clause before it can be enforced, federal law . . . applies to interpretation of forum selection clauses." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). In interpreting the contract under federal law, "[t]he common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it." *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987) (quoting 4 S. Williston, *A Treatise on the Law of Contracts* § 618

---

[1] Pac Shores' citation to *Kim-C1, LOLC v. Valent Biosciences Corp.*, 2010 WL 2292289, *2-3 (E.D. Cal. June 4, 2010), is also unpersuasive because, in that case, the court dismissed the complaint under Rule 12(b)(1) where the plaintiff LLC failed to alleged complete diversity of all its *own* members/owners. The issue here is with respect to complete diversity of defendant's members/owners, information of which, without discovery, is generally more available to the defendant.

(W. Jaeger 3d ed. 1961)). In general, "where language is ambiguous, the court should construe the language against the drafter of the contract." *Id.* at 78. In this circuit, to "be mandatory, a [forum selection] clause must contain language that clearly designates a forum as the exclusive one." *Merrell v. Renier*, 2006 WL 1587414 (W.D. Wash. June 6, 2006) (Robart, J.) (quoting *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.,* 69 F.3d 1034, 1037 (9th Cir. 1995)).

The Clause here states: "Jurisdiction: Venue and jurisdiction for any disputes concerning this Agreement shall be Santa Clara County, California." Decl. of Andrew Wong, Ex. A. The issue is whether this language compels venue and jurisdiction in *only* the California Superior Court of Santa Clara County.

### 1. Parties' Arguments

Pac Shores, relying primarily on *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762 (9th Cir. 1989), argues that the language in the Clause is mandatory, not permissive, and this court is therefore required to enforce it as such. Pac Shores contends that the word "shall" in reference to venue and jurisdiction indicates mandatory language and that "the only way for *both* to be true is for the case to be brought in a court that is both located within the geographic boundaries of the county *and* is a court of the County itself" – namely the Santa Clara Superior Court. Reply 5 (emphases in original).

UGS counters, relying primarily on *Hunt Wesson Foods*, that the clause is permissive, allowing jurisdiction in either federal or state courts located geographically in Santa Clara County, and that the parties intent so demonstrates. Opp'n 10-13.[2]

---

[2] UGS devotes several pages to arguing the expressed intent of the parties. Opp'n 8-10. The court need not, and cannot, address these arguments in the context of a motion to dismiss, which

ORDER RE: DEFENDANT'S MOTION TO DISMISS
CASE NO. C-12-05613
TDH/ALG
- 6 -

### 2. Discussion

This court has already addressed the applicability of both *Docksider* and *Hunt Wesson Foods* as applied to a similar forum selection clause. In *First Franklin Financial Corp. v. Mortgage Academy, Inc.*, the clause at issue required that "[v]enue for any judicial proceeding under the Agreement shall be in Santa Clara County, California." 2006 WL 2850043, *1 (N.D. Cal. Oct. 5, 2006) (Whyte, J.). In that case, the plaintiff, also relying on *Docksider*, made a similar contention to Pac Shores, arguing that "because California state courts are organized by county while federal courts are organized by district, this clause establishes that venue shall be only in Santa Clara County Superior court." *Id.* This court rejected that argument, finding *Docksider* to be distinguishable and concluding that "the only sensible reading of the [clause] supports venue in any court *geographically* located in Santa Clara County." *Id.* *2 (emphasis added).

> In *Docksider,* the agreement stated "venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." 875 F.2d at 764. The Ninth Circuit found this venue selection clause to intend that the place of suit lies exclusively within the designated county. *Id.* Therefore, "whether or not several states might otherwise have jurisdiction over actions stemming from the agreement, all actions must be filed and prosecuted *in Virginia.*" *Id.* (emphasis added). Although the court also noted that the agreement mandated jurisdiction with the state courts of Virginia, it did not rely upon the venue selection clause and its reference to "county" as indication of consent to state courts. Rather, the Ninth Circuit indicated the parties separately consented to jurisdiction of the state courts of Virginia. *See id.* ("*Docksider* not only consented to jurisdiction of the state courts of Virginia, but further agreed by mandatory language that the venue for all actions arising out of the license agreement would be Gloucester County, Virginia."). Therefore, *FFFC's reliance upon Docksider as holding that consent to venue in a particular 'county' constitutes consent only to venue in state court is misplaced.*
>
> *Hunt* is similarly distinguishable. In *Hunt,* the clause at issue stated the "courts of California, County of Orange, shall have jurisdiction

---

is predicated on the pleadings.

ORDER RE: DEFENDANT'S MOTION TO DISMISS
CASE NO. C-12-05613
TDH/ALG

- 7 -

> over the parties in any action at law . . . ." 817 F.2d at 76. The court concluded that the "Orange County courts" have jurisdiction. *Id.* at 77. Thus, the defendant could not object to litigation in the Orange County Superior Court. Notably, the Ninth Circuit *did not interpret the clause to mean that only the Orange County Superior Court had jurisdiction*-rather, the courts geographically located in Orange County, including the superior court, had jurisdiction.
>
> In *Merrell v. Renier,* 2006 WL 1587414, *1 (W.D. Wash. June 6, 2006), the court concluded that a forum selection clause similar to the one here did not bar defendant's removal of the action to federal court. In *Merrell,* the forum selection clause stated "venue ... will reside in the United States and in the county of residence of the non-breaching party." The court held that the clause did not limit venue to the superior court in the plaintiff's county of residence. The court reasoned that the concept of "venue" refers to location of the events giving rise to the action, not to the location of a particular court. *See* 28 U.S.C. § 1391(a)(2) (A plaintiff may lay venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."). In addition, the court noted that dictionary definitions of "venue" support a conclusion that the federal court is a proper venue. *See Black's Law Dictionary* 1591 (8th ed.2004) (defining "venue" variously as "[t]he proper or possible place for a lawsuit to proceed," and "[t]he county or other territory over which a trial court has jurisdiction").
>
> The court's reasoning in *Merrell* is applicable here. The forum selection clause requires venue to be "*in* Santa Clara County, California," not in a particular court in Santa Clara County, California.

*Id*. *1-2 (second and third emphases added, first and fourth emphases in original).

Precedent supports a similar finding here. Although Pac Shores argues that the Clause at issue here is distinguishable because it specifies both venue *and* jurisdiction in one clause, the fact remains that the clause does not specify any particular court in Santa Clara County. In short, Pac Shores erroneously equates specification of a particular county, either for venue or jurisdiction, with the specification of a particular court system.

Pac Shores' argument that the word "shall" requires a finding that the Clause is mandatory is similarly unavailing. In *Hunt Wesson Foods*, the court found that "[a]lthough the word 'shall' is a mandatory term, here it mandates nothing more than that the Orange County courts have jurisdiction." 817 F.2d at 77. Here, the word "shall" only requires that the case be heard in Santa

ORDER RE: DEFENDANT'S MOTION TO DISMISS
CASE NO. C-12-05613
TDH/ALG

- 8 -

Clara County (i.e., geographically) in a court in Santa Clara County without specifying more.[3]

To the extent there is any ambiguity in the Clause, which the court does not believe there is, "[u]nder Ninth Circuit law, the court is not empowered to interpret an ambiguous forum selection clause, it must reject it to the extent it does not 'clearly designate' a particular forum as the exclusive venue." *Merrell v. Renier*, 2006 WL 1587414, *3 (citing *N. Cal. Dist. Council of Laborers*, 69 F.3d at 1037).

Accordingly, the court denies Pac Shores' motion to dismiss under Rule 12(b)(3).

### III. ORDER

For the foregoing reasons, the court DENIES Pac Shores' motion to dismiss.

Dated: April 5, 2013

_Ronald M. Whyte_
Ronald M. Whyte
United States District Court Judge

---

[3] The court independently acknowledges one additional difference between the Clause here and the forum selection clause in *First Franklin*, in that the Clause here does not precede the county designation with the word "in." *Compare* the Clause here ("Venue and jurisdiction for any disputes concerning this Agreement shall be Santa Clara County, California.") *with* the clause in *First Franklin*, 2006 WL 2850043, *1 ("Venue for any judicial proceeding under the Agreement shall be *in* Santa Clara County, California."). The court finds no meaningful difference in meaning or analysis based on the absence of the word "in" here.