UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNIVERSAL GREEN SOLUTIONS, LLC, a California limited liability company,<br><br>  Plaintiff,<br><br>v.<br><br>VII PAC SHORES INVESTORS, LLC, a Delaware limited liability company; and Does 1 to 20, inclusive,<br><br>  Defendants. | Case No. C-12-05613-RMW<br><br>**ORDER GRANTING DEFENDANT VII PAC SHORES INVESTORS, LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**<br><br>[Re: Docket No. 25] |

Defendant VII Pac Shores Investors, LLC ("Pac Shores") moves for leave to file a third-party complaint for express contractual indemnity against Cushman & Wakefield of California, Inc. ("Cushman"). Dkt. No. 25. The primary issue is whether the benefit of avoiding the need to bring a separate third-party indemnification action outweighs any prejudice to the plaintiff by the introduction of that claim into the current action. For the reasons explained below, the court grants Pac Shores' motion for leave to file a third-party complaint.

# I. BACKGROUND

## A. Facts

In 2010, Pac Shores and plaintiff Universal Green Solutions, LLC ("UGS") allegedly entered into two agreements under which UGS was to retrofit a Pac Shores property, replacing fluorescent light bulbs with LED light bulbs. The first was a written contract that covered one building and parking lots, while the second was an oral contract which covered three additional buildings. *See* Compl. ¶¶ 7,8, Dkt. No. 1. When Pac Shores chose not to complete the retrofit, UGS sued for breach of both contracts. *See id.* ¶ 16. At the time the agreements were entered into, Cushman managed the Pac Shores property at issue, represented by its general manager, William Moyer ("Moyer"). Mot. 2, Dkt. No. 25. Pac Shores and Cushman had a Property Management Agreement ("Management Agreement"), under which Pac Shores retained Cushman to manage, maintain, and operate the property. Mot., Ex. 1, Dkt. No. 25-1.

On December 28, 2012, Pac Shores moved to dismiss UGS' claims for breach of contract based on lack of federal diversity jurisdiction. The court denied Pac Shores' motion on April 5, 2013. Pac Shores filed an answer to UGS' complaint on May 21, 2013. Pac Shores now moves for leave to file a third-party complaint for express contractual indemnity against Cushman.

## B. Indemnification Claim

Pac Shores alleges that it learned for the first time, on July 23, 2013 that Moyer, as Cushman's general manager, allegedly entered into the oral contract with UGS on Pac Shores' behalf. Pac Shores also alleges that it learned on July 23, 2013 that Moyer assisted plaintiff in asserting its claims related to the written and oral contracts after Pac Shores terminated the Management Agreement. Pac Shores alleges that both of these actions constitute a breach of the Management Agreement between Pac Shores and Cushman.

Pac Shores further alleges that the Management Agreement between Pac Shores and Cushman requires that Cushman indemnify and defend Pac Shores against claims arising out of any act or omission by Cushman constituting a breach of the Management Agreement. Mot. 2. Thus, Pac Shores seeks leave to file a third party complaint against Cushman for indemnification. UGS

does not deny the existence of an indemnification claim, but rather argues that the indemnification claim should be tried in a separate forum to avoid prejudice to UGS.

## II.  ANALYSIS

### A.  Legal Standard

Federal Rule of Civil Procedure 14(a)(1) provides,

> [a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.  But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1).  "The decision to allow a third-party defendant to be impleaded under rule 14 is entrusted to the sound discretion of the trial court." *U.S. v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983).  The purpose of this rule is "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Southwest Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).  Therefore, courts have construed the rule liberally in favor of allowing impleader. *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 393 (1st Cir. 1999); *FDIC v. Varrasso*, 2012 WL 5199147, at *2 (E.D. Cal. Oct. 19, 2012).

In exercising its discretion as to impleader, the court must "balance the desire to avoid a circuitry of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complications of the case.'" *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000) (quoting *Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 439 n.6 (3d Cir. 1971)).  In determining whether to permit Pac Shores' indemnification claim, the court will consider the following factors: (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead. *Irwin*, 94 F. Supp. 2d at 1056.  The court will consider each factor in turn.

B. Four Factors

### 1. Prejudice to the original plaintiff

UGS argues that permitting a third-party defendant at this stage in the litigation would result in prejudice because it would extend the discovery cut-off date and delay trial. It also argues that the forum selection clause in the Management Agreement between Pac Shores and Cushman[1] deprives this court of jurisdiction over the third-party action, which would likely lead to a motion to dismiss the action by Cushman, causing further prejudicial delay to UGS.

Pac Shores counters that UGS would not be prejudiced because Cushman is already involved in the discovery process. Regarding the forum selection clause, Pac Shores argues that Cushman's potential defenses to venue are not currently at issue, that the clause is actually permissive, and that Cushman would probably not invoke the clause because asserting it could result in a separate action.

Concerning extension of the discovery cut-off date and trial delay that impleader may cause, the parties already stipulated to and requested to extend the discovery cut-off date to mid-November. *See* Stip., Dkt. No. 29. Also, Cushman is already involved with and familiar with the case, has participated in discovery up to this point, and will likely participate in further discovery regardless of whether impleader is permitted. *See* Mot. 7, Dkt. No. 25. Therefore, any delay caused by impleader should be marginal at most. As to UGS' argument that this court lacks jurisdiction over Cushman, the court agrees with Pac Shores that this is not UGS' argument to raise and Cushman may submit to this court's jurisdiction considering its geographic proximity to San Francisco. *See Seemer v. Ritter*, 25 F. Supp. 688, 688-89 (M.D. Pa. 1938) ("Assuming, without deciding, that this Court is without jurisdiction over the proposed third-party defendant[], and that this district is not the proper venue for an action against [it], it may be that they might voluntarily submit themselves to the jurisdiction of the Court, and never raise the question of venue."). The court finds that a hypothetical future motion to transfer venue does not create sufficient prejudice

---

[1] The forum selection clause provides that "Management and owner hereby acknowledge and agree that . . . disputes between them relating to this agreement shall be adjudicated in a court of law . . . and they hereby consent to the jurisdiction of any state or federal court located within San Francisco, California and irrevocably agree that all actions or proceedings arising out of or relating to this agreement may be litigated in such courts." Management Agreement § 12.02, Ex. 2, Dkt. No. 25.

ORDER GRANTING LEAVE TO FILE 3PC
Case No. C-12-05613-RMW
FMP/ALG
- 4 -

against UGS to warrant denial of Pac Shores' motion. *See Haehn v. JetBlue Airways Corp.*, No. 11-7781, 2012 WL 2700387, at *1 (C.D. Cal. July 6, 2012).

### 2. Complication of issues at trial

UGS argues that the question of allocation of responsibility between Pac Shores and Cushman introduced by the indemnification claim would complicate and lengthen trial, and introduce new questions extraneous to the central breach of contract claims in the action. UGS further argues that impleader would require expanded discovery and that the jury would likely be confused when asked to apply the different standards of actual and apparent authority.

Pac Shores counters that many of its defenses are interrelated with its claims for indemnity against Cushman and therefore impleader would not complicate issues at trial. According to Pac Shores, the issues of actual and apparent authority will be brought up in trial regardless, and both parties have already engaged in discovery with Cushman, so impleader would prevent the parties from having to engage in discovery in two cases.

The court finds that, not only has Cushman already been involved in discovery, but the indemnification issues stem directly from the central breach of contract issues in the current action. In addition, UGS points out that the Management Agreement between Pac Shores and Cushman provides for a jury waiver. Mot. 12-13, Dkt. No. 28. Therefore, the trial addressing the indemnification issues may be bifurcated from the jury trial addressing the written and oral contract issues, which would avoid any potential jury confusion. Even if Pac Shores and Cushman do not seek to enforce the jury waiver in the Management Agreement, if UGS can convince the court that jury confusion concerning the scope of Cushman's authority would be a problem at trial, UGS "may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4).

### 3. Likelihood of trial delay

UGS argues that bringing in a third-party complaint would disrupt and delay the January 21, 2013 trial date since Cushman would likely attack the complaint. Pac Shores concedes that the trial would need to be continued for a short period if Cushman is impleaded into the action, but contends that the delay would have occurred even if Pac Shores had filed the third-party complaint within the

14 days of its answer because of the short discovery period. Pac Shores counters that the resulting delay would be short since both parties exchanged all documents, which could be produced to Cushman upon entry into the case.

As explained *supra*, the court will not deny impleader based upon Cushman's hypothetical future venue challenge. Additionally, Cushman is familiar with the case, has already participated in discovery, and can be brought up to speed quickly at this stage of discovery. Plaintiff does not show that any delay would be substantial enough to outweigh the benefit of resolving all issues in one proceeding. *See Susilo v. Robertson*, No. 12-9796, 2013 WL 4213902, at *4 (C.D. Cal. Aug. 14, 2013). Further, after Cushman is brought in, the court could sever the non-jury indemnity action if trying it at the same time as UGS's claims would prejudice any party.

### 4. Timeliness of the motion to implead

UGS argues that the motion is untimely because Pac Shores had prior notice of the nature of the potential claims against Cushman in connection with the formation of the oral contract months before it filed the third-party complaint. Pac Shores argues, however, that the motion was brought immediately after it had notice of a potential claim against Cushman, specifically when it discovered that Moyer allegedly entered into an oral contract with UGS on its behalf in violation of the Management Agreement, and subsequently realized that Cushman would not comply with its contractual indemnity obligation. UGS further argues that none of the pleadings or evidence it discovered prior to July 23, 2013 revealed that Moyer entered into the oral contract on Pac Shores' behalf.

The court finds Pac Shores' motion to implead Cushman into the case is sufficiently timely. Pac Shores filed the third-party claim only three months after its answer, and did so as soon as it claims it received notice of a potential indemnification claim against Cushman. *See Susilo*, 2013 WL 4213902, at *4 (finding no reason to doubt defendants' assertion that they uncovered the relevant agreement during discovery); *compare with Zero Tolerance Entertainment, Inc. v. Ferguson*, 254 F.R.D. 123, 127-28 (C.D. Cal. 2008) (denying leave where defendant waited three months from the time when it had clear notice of the third-party claim to request impleader). The court has no reason to believe Pac Shores makes this assertion in bad faith.

**C. Conclusion**

The court finds that each factor weighs in favor of allowing Pac Shores to file its third-party contractual indemnification claim against Cushman. The benefit of resolving the entire dispute in one case outweighs any resulting prejudice or delay to UGS. The court can consider bifurcating the indemnity issue for trial if necessary to avoid confusion or unreasonable delay.

### III. ORDER

For the foregoing reasons, the court GRANTS Pac Shores' motion for leave to file a third-party indemnification claim against Cushman without prejudice to later consider a motion to sever the indemnification issue for trial.

Dated: September 18, 2013



RONALD M. WHYTE
United States District Judge