UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNIVERSAL GREEN SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VII PAC SHORES INVESTORS, LLC,<br><br>Defendant. | Case No. C-12-5613-RMW<br><br>**ORDER GRANTING UGS'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>[Re: Docket No. 49] |

Plaintiff Universal Green Solutions, LLC ("UGS") moves for leave to file a first amended complaint. Dkt. No. 49. For the reasons explained below, the court GRANTS UGS's motion.

**I. BACKGROUND**

According to the original complaint, in 2010 VII Pac Shores Investors, LLC ("Pac Shores") and UGS allegedly entered into two agreements under which UGS was to retrofit a Pac Shores property, replacing fluorescent light bulbs with LED light bulbs. The first was a written contract that covered one building at 1700 Seaport Boulevard and parking lots, while the second was an oral contract which covered three additional buildings. Dkt. No. 1, Complaint ¶¶ 7-8. When Pac Shores chose not to complete the retrofit, UGS sued for breach of both contracts. *Id*. ¶ 16. At the time the

agreements were entered into, Cushman & Wakefield of California, Inc. ("Cushman") managed the Pac Shores property at issue, represented by its general manager, William Moyer. Dkt. No. 25, at 2.

On December 28, 2012, Pac Shores moved to dismiss UGS's claims for breach of contract based on lack of federal diversity jurisdiction. The court denied Pac Shores' motion on April 5, 2013. Pac Shores filed an answer to UGS's complaint on May 21, 2013. Pac Shores then moved for leave to file a third-party complaint for express contractual indemnity against Cushman, which the court granted on September 18, 2013. Dkt. No. 35.

UGS now moves to amend its complaint to allege a new legal theory of contract breach: that the written contract covered all four buildings because the allegedly undefined term "facilities" was understood to encompass the four buildings, rather than just the building at 1700 Seaport.

## II.  ANALYSIS

Federal Rule of Civil Procedure 15(a) states that leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a); *see also Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). In considering whether to grant or deny a motion seeking leave to amend a complaint, the court may consider whether there is (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility in the amendment, or (5) whether plaintiff has previously amended his complaint. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

UGS wishes to amend its complaint to allege the new legal theory that the written contract covered all four buildings because the allegedly undefined term "facilities" was understood to encompass the four buildings, rather than just the building at 1700 Seaport. Pac Shores objects because the legal theory asserted is so simple such that, if the underlying factual basis had any support, it would have been alleged much earlier in the case. The court GRANTS UGS leave to amend.

The effect of UGS's amendment would be to allege a new alternative legal theory. No truly new facts need to be alleged except that the parties understood the term "facilities" to refer to all four buildings. This fact is not a substantial departure from previous pleadings, which allege that UGS and Pac Shores entered into an oral contract for UGS to retrofit the three additional Pac Shores buildings. It is unclear why it took UGS 15 months of litigation to realize that it could assert this

new legal theory, and this delay calls its validity into question. "But the Federal Rules of Civil Procedure do not authorize a district court to adjudicate claims on the merits at this early stage in the proceedings; the court may only review claims for legal sufficiency. Adjudication on the merits must await summary judgment or trial." *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 858 (9th Cir. 2007).

Pac Shores appears to argue that UGS is making its amendment in bad faith, stating that UGS "cannot legitimately be in doubt about the number or scope of the alleged contracts." Dkt. No. 50, UGS Opposition, at 2. This argument may have some merit, as UGS's delay in alleging this new theory of liability calls into question whether UGS actually understood the term "facilities" in the contract to refer to all four buildings. However, if Pac Shores is right that UGS's new theory has no factual support, this truth will reveal itself as the parties take depositions and review the evidence. "As the litigation progresses, and each party learns more about its case and that of its opponents, some allegations fall by the wayside as legally or factually unsupported. This rarely means that those allegations were brought in bad faith or that the pleading that contained them was a sham." *PAE*, 14 F.3d at 859. The Ninth Circuit has instructed that the mechanism for determining whether a pleading was filed in bad faith is Federal Rule of Civil Procedure 11. *Id*. Pac Shores did not invoke Rule 11 in its opposition, nor does this pleading raise a Rule 11 issue. UGS's amendment is not made in bad faith.

Pac Shores also argues that leave to amend should be denied because UGS intends to plead facts inconsistent with the original complaint. As discussed above, the factual circumstances surrounding the proposed first amended complaint are not significantly different from those in the original complaint. UGS merely wishes to plead an alternative legal theory based on essentially the same set of facts. Moreover, "there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations." *Id*. at 860. Even further, courts "allow pleadings in the alternative—even if the alternatives are mutually exclusive." *Id*. at 859.

1    Finally, Pac Shores contends that UGS unduly delayed its filing of an amended complaint.
2 While this litigation has so far lasted fifteen months, no depositions have yet been taken. As a result,
3 Pac Shores can demonstrate no prejudice from UGS's delay.

### III.  ORDER

5    For the foregoing reasons, Universal Green Solutions, LLC's Motion for Leave to File First
6 Amended Complaint is GRANTED.

Dated: February 22, 2014

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge